**E-FILED**
Friday, 06 February, 2009  09:57:06 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM H. MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3217 |
| | ) | |
| TIMOTHY MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the parties' cross-motions for summary judgment.  Plaintiff's Motion for Summary Judgment (d/e 62); Defendants' Motion for Summary Judgment (d/e 63).  Plaintiff William H. Moss claims that the Defendants violated his First Amendment rights by firing him from his Illinois state job based on his political affiliation.  Both parties move for summary judgment.  For the reasons set forth below, the Defendants are entitled to qualified immunity.  Therefore, Defendants' Motion for Summary Judgment is allowed, and Plaintiff's Motion for Summary Judgment is denied.

## STATEMENT OF FACTS

In 1990, the Supreme Court held that the First Amendment prohibited the state of Illinois from making promotion, transfer, and hiring decisions based on political affiliation, except for those confidential and policy-making positions for which political affiliation was an appropriate consideration.  Rutan v. Republican Party of Illinois, 497 U.S. 62, 75-79 (1990).  In response to this decision, the state of Illinois examined state positions to identify those positions for which political affiliation was an appropriate consideration.  The Illinois Department of Central Management Services (CMS) was the single state agency authorized to make these determinations.  Memorandum of Law in Support of Defendants' Motion for Summary Judgment (d/e 64) (Defendants' Memorandum), Exhibit 9, Declaration of Larry Plummer, at ¶ 4.  CMS is the state personnel agency authorized to write and update job descriptions for all state employees in the executive branch, subject to review by the Civil Service Commission. Riley v. Blagojevich, 425 F.3d 357, 361 (7th Cir. 2005).

CMS officials used criteria developed by the law firm of Jenner & Block and the consulting firm Ernst & Young to identify positions for which political affiliation would be an appropriate consideration in making

employment decisions.  Plummer Declaration, ¶ 6.  If CMS officials concluded that political affiliation was an appropriate consideration for a particular position, CMS designated positions as "Rutan-exempt."  The employing agency did not have the authority to change such a CMS designation.  Id. ¶ 7.

In 1992, CMS designated the position of Chief of the Highway Sign Shop (Position) for the Illinois Department of Transportation (Department) to be Rutan-exempt.  Id. ¶ 8.  This Court and the Court of Appeals have previously described in detail the CMS official Position Description (Position Description) for the Position.  Opinion entered May 16, 2005 (d/e 11), at 7-11; Moss v. Martin, 473 F3d 694, 697-98 (7th Cir. 2007).  The Court will not repeat that discussion here.  The Court notes, however, that CMS was incorrect in its analysis of the Position Description.  The Position Description did not contain enough information to determine whether political affiliation was an appropriate consideration for making employment decisions for the Position.  Moss, 473 F.3d at 699-700.

In September 2000, Moss began working in the Position.  The Position Description remained the same throughout his tenure.  The Position remained a Rutan-exempt position throughout his tenure.  The

Position was also a technical position that was exempt from the requirements of the civil service rules under the Illinois Personnel Code. See Defendants' Memorandum, Exhibit 6D, Report of Non-Code Titles in Positions Exempt from Rutan for Agency Transportation dated February 21, 2002, at bates stamp no. 05088, and Exhibit 11, Email from Brian Piersma and attached Notice dated March 24, 2003, at bates stamp no. 05148; Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (d/e 66) (Plaintiff's Memorandum), Exhibit 11, Deposition of Jacob Miller (Miller Deposition), at 16. As such, the Position was known as "double-exempt." Id. As a double-exempt position, the Department officials could hire and fire the holder at will, and, according to the CMS designation, could use the holder's political affiliation as a basis for an employment decision. Moss could have challenged the accuracy of the Position Description and sought modification. Riley, 425 F.3d at 362. Moss never made such a challenge.

In January 2003, Rod R. Blagojevich, a Democrat, became Governor of Illinois. Blagojevich was the first Democrat to hold the office of Governor in Illinois since 1977. After Blagojevich took office, Defendant Timothy Martin became Secretary of the Department; Defendant Robert

Millette was in charge of the Department's Office of Finance and Administration, and Brian Piersma was the Bureau Chief of the Department's Bureau of Personnel Management.

In the summer of 2003, Jacob Miller, a Department employee who worked under Millette, was directed to identify all "double exempt" positions in the Department.  <u>Miller Deposition</u>, at 16-17.  On December 22, 2003, Miller sent an email to Millette.  The email stated, "Robert, William H. Moss, Sr. is a double exempt employee in traffic safety and is also a Sanagmon County Republican Precinct Committeeman.  He should be fired don't you think?  The guy is in the paper, renewing his will to work for the other team."  <u>Plaintiff's Memorandum</u>, Exhibit 1, <u>Miller email dated December 22, 2003</u>.  Millette responded, "Yes, do the paperwork."  <u>Id.</u>  Miller forwarded his original email and Millette's response to Piersma.  The Department then started the process of firing Moss.

Martin signed Moss' termination letter on April 26, 2004.  <u>Defendants' Memorandum</u>, Exhibit 13, <u>Letter dated April 26, 2004, from Martin to Moss</u>.  The body of the letter stated:

> Our records indicate that you are currently employed with the Illinois Department of Transportation as a Technical Manager VI in a double exempt status, position number PW416-23-50-

604-00-01.  Therefore, please consider this letter as notice of your termination, effective at the end of business today.  You will receive two weeks severance pay.

The necessary state forms will follow shortly.

Thank you for your service to the state of Illinois.

Id.  No Defendant, or anyone else, independently evaluated the Position to determine whether political affiliation was a proper consideration for firing Moss.

## ANALYSIS

At summary judgment, the movant must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the nonmoving party.  Any doubt as to the existence of a genuine issue for trial must be resolved against the movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the movant has met its burden, the nonmoving party must present evidence to show that issues of fact remain with respect to an issue essential to the nonmoving party's case, and on which the nonmoving party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The evidence, when read most favorably to Moss, shows that the Defendants are entitled to qualified immunity.  The defense of qualified immunity shields a government official from liability under § 1983 unless the law existing at the time of a defendant's actions clearly established that the defendant's actions violated the constitution or federal law.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Moss has the burden to show that qualified immunity does not apply.  Boyd v. Owen, 481 F.3d 520, 527 (7th Cir. 2007).

To overcome the defense of qualified immunity, Moss must present evidence: (1) that the Defendants violated his constitutional rights; and (2) that controlling authority existed at the time that clearly established that the Defendants' actions constituted a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Generally, the Court should address these two issues in the order stated above; however, the Court has the discretion to address the second element first.  Pearson v. Callahan, __ U.S.__, 2009 WL 128768, at *9 (2009).  Addressing the second question first will promote judicial economy if, as here, the plaintiff cannot establish the second element.  In such circumstances, the Court need not expend the time and energy necessary to address the first element, which often involves

7

complex constitutional and factual questions.  Id., at *10.

In this case, the undisputed evidence shows that the Defendants relied on the Rutan-exempt designation to fire Moss.  CMS made this designation in 1992, long before Moss took the Position, and long before Blagojevich became Governor.  The Defendants, thus, relied on the CMS determination that the Position was one for which political affiliation was an appropriate consideration when making employment decisions.  Moss cites no statute or precedent that clearly established that a state decisionmaker could not rely on such a long-standing designation when making employment decisions.  The Defendants, therefore, are entitled to qualified immunity.

Moss argues that the Defendants could not rely on the Rutan-exempt designation because the designation was based on the Position Description, and the Position Description was systemically unreliable.  Moss cites no case issued prior to April 2004 that clearly established the "systemically unreliable" standard.  The Court of Appeals used that phrase for the first time in 2005.  Riley, 425 F.3d at 360.  Thus, the case does not apply to the question of qualified immunity here.

Even if Riley applied, the Defendants would be entitled to qualified immunity.  The Riley decision states that the Defendants should rely on

3:04-cv-03217-JES-BGC   # 77   Page 9 of 10

state personnel department designations, "Incoming political leaders should be enabled to discover without protracted inquiry which jobs they can fill." Riley, 425 F.3d at 361. Hence, political leaders should rely on existing state personnel job descriptions when they come into office unless the job description is systemically unreliable. Id. A job description is systemically unreliable if the system by which the description was developed and updated was unreliable. "[The] inquiry must focus on how the description was created," and, "how it is updated and thus kept realistic. . . ." Id. The Riley decision then detailed the reliability of the process for developing job descriptions in Illinois and concluded that the decisionmakers in that case could rely on the position description. Id., at 361-62.

Moss has presented no evidence that an unreliable process was used to develop the Position Description. Further, Moss presented no evidence that CMS used an unreliable process to make the Rutan-exempt designation. Moss presented evidence that the Position Description was inaccurate, but that is not the issue. The issue is the reliability of the process that CMS used. If CMS followed a reliable process, as it did in Riley, then the Defendants were entitled to rely on the CMS designation. Id. Moss has presented no evidence on the CMS process either to develop

the Position Description or to make the <u>Rutan</u>-exempt designation.  Thus, even if the <u>Riley</u> decision had been handed down before April 2004, the Defendants would be entitled to qualified immunity because Moss failed to present any evidence that the procedures used by Illinois were systemically unreliable.

THEREFORE, Defendants' Motion for Summary Judgment (d/e 63) is ALLOWED, and Plaintiff's Motion for Summary Judgment (d/e 62) is DENIED.  Summary judgment is entered in favor of Defendants Timothy Martin, Robert Millette, and Brian Piersma, and against Plaintiff William H. Moss.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   February 5, 2009

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE